# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| MICHAEL EUGENE BURTON, | ) | Case No. EDCV 20-01147-JEM |
| Plaintiff, | ) | |
| | ) | MEMORANDUM OPINION AND ORDER |
| v. | ) | AFFIRMING DECISION OF THE |
| | ) | COMMISSIONER OF SOCIAL SECURITY |
| ANDREW M. SAUL, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

## PROCEEDINGS

On June 4, 2020, Michael Eugene Burton ("Plaintiff" or "Claimant") filed a complaint seeking review of the decision by the Commissioner of Social Security ("Commissioner") denying Plaintiff's application for Social Security Disability Insurance benefits.  (Dkt. 1.)  The Commissioner filed an Answer on September 23, 2020.  (Dkt. 15.)  On November 30, 2020, the parties filed a Joint Stipulation ("JS").  (Dkt. 18.)  The matter is now ready for decision.

Pursuant to 28 U.S.C. § 636(c), both parties consented to proceed before this Magistrate Judge.  After reviewing the pleadings, transcripts, and administrative record ("AR"), the Court concludes that the Commissioner's decision must be affirmed and this case dismissed with prejudice.

**BACKGROUND**

Plaintiff is a 60 year-old male who applied for Social Security Disability Insurance benefits on February 23, 2017, alleging disability beginning April 10, 2009.  (AR 21.)  The ALJ determined that Plaintiff has not engaged in substantial gainful activity since February 23, 2017, the amended alleged onset date.[1]  (AR 22.)

Plaintiff's claim was denied initially on May 1, 2017, and on reconsideration on July 21, 2017.  (AR 21.)  Plaintiff filed a timely request for hearing on August 24, 2017.  (AR 21.)  On March 6, 2019, the Administrative Law Judge ("ALJ") Barry O'Melinn held a video hearing from Albuquerque, New Mexico.  (AR 21.)  Plaintiff appeared and testified in Moreno, California, and was represented by counsel.  (AR 21.)  Vocational expert ("VE") Kathleen McAlpine also appeared and testified at the hearing.  (AR 21.)

The ALJ issued an unfavorable decision on April 29, 2019.  (AR 21-30.)  The Appeals Council denied review on May 20, 2020.  (AR 1-3.)

**DISPUTED ISSUES**

As reflected in the Joint Stipulation, Plaintiff raises the following disputed issues as grounds for reversal and remand:

1.    Whether the ALJ has properly considered the relevant medical evidence of record in assessing Plaintiff's residual functional capacity.

2.    Whether the ALJ has properly considered Plaintiff's subjective statements of record and testimony under oath regarding his impairments, symptoms, and limitations, in assessing Plaintiff's residual functional capacity.

**STANDARD OF REVIEW**

Under 42 U.S.C. § 405(g), this Court reviews the ALJ's decision to determine whether the ALJ's findings are supported by substantial evidence and free of legal error.  Smolen v.

---

[1]  Pursuant to the Claimant's motion made orally at hearing held on March 6, 2019, and through counsel, the ALJ amended the alleged onset date of disability to February 23, 2017.  Reasoning for the motion to amend included that the Claimant had been working up until February 22, 2017, earning well over substantial gainful activity each year from the original onset date in 2009 through February 2017.  (AR 21.)

<u>Chater</u>, 80 F.3d 1273 , 1279 (9th Cir. 1996); <u>see also</u> <u>DeLorme v. Sullivan</u>, 924 F.2d 841, 846 (9th Cir. 1991) (ALJ's disability determination must be supported by substantial evidence and based on the proper legal standards).

Substantial evidence means "'more than a mere scintilla,' but less than a preponderance." <u>Saelee v. Chater</u>, 94 F.3d 520, 521-22 (9th Cir. 1996) (quoting <u>Richardson v. Perales</u>, 402 U.S. 389, 401 (1971)). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." <u>Richardson</u>, 402 U.S. at 401 (internal quotation marks and citation omitted).

This Court must review the record as a whole and consider adverse as well as supporting evidence. <u>Robbins v. Soc. Sec. Admin.</u>, 466 F.3d 880, 882 (9th Cir. 2006). Where evidence is susceptible to more than one rational interpretation, the ALJ's decision must be upheld. <u>Morgan v. Comm'r of the Soc. Sec. Admin.</u>, 169 F.3d 595, 599 (9th Cir. 1999). "However, a reviewing court must consider the entire record as a whole and may not affirm simply by isolating a 'specific quantum of supporting evidence.'" <u>Robbins</u>, 466 F.3d at 882 (quoting <u>Hammock v. Bowen</u>, 879 F.2d 498, 501 (9th Cir. 1989)); <u>see also</u> <u>Orn v. Astrue</u>, 495 F.3d 625, 630 (9th Cir. 2007).

## THE SEQUENTIAL EVALUATION

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or . . . can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The Commissioner has established a five-step sequential process to determine whether a claimant is disabled. 20 C.F.R. §§ 404.1520, 416.920.

The first step is to determine whether the claimant is presently engaging in substantial gainful activity. <u>Parra v. Astrue</u>, 481 F.3d 742, 746 (9th Cir. 2007). If the claimant is engaging in substantial gainful activity, disability benefits will be denied. <u>Bowen v. Yuckert</u>, 482 U.S. 137, 140 (1987). Second, the ALJ must determine whether the claimant has a severe impairment or combination of impairments. <u>Parra</u>, 481 F.3d at 746. An impairment is not severe if it does not

significantly limit the claimant's ability to work.  Smolen, 80 F.3d at 1290.  Third, the ALJ must determine whether the impairment is listed, or equivalent to an impairment listed, in 20 C.F.R. Pt. 404, Subpt. P, Appendix I of the regulations.  Parra, 481 F.3d at 746.  If the impairment meets or equals one of the listed impairments, the claimant is presumptively disabled.  Bowen, 482 U.S. at 141.  Fourth, the ALJ must determine whether the impairment prevents the claimant from doing past relevant work.  Pinto v. Massanari, 249 F.3d 840, 844-45 (9th Cir. 2001).  Before making the step four determination, the ALJ first must determine the claimant's residual functional capacity ("RFC").  20 C.F.R. § 416.920(e).  The RFC is "the most [one] can still do despite [his or her] limitations" and represents an assessment "based on all the relevant evidence."  20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1).  The RFC must consider all of the claimant's impairments, including those that are not severe.  20 C.F.R. §§ 416.920(e), 416.945(a)(2); Social Security Ruling ("SSR") 96-8p.

If the claimant cannot perform his or her past relevant work or has no past relevant work, the ALJ proceeds to the fifth step and must determine whether the impairment prevents the claimant from performing any other substantial gainful activity.  Moore v. Apfel, 216 F.3d 864, 869 (9th Cir. 2000).  The claimant bears the burden of proving steps one through four, consistent with the general rule that at all times the burden is on the claimant to establish his or her entitlement to benefits.  Parra, 481 F.3d at 746.  Once this prima facie case is established by the claimant, the burden shifts to the Commissioner to show that the claimant may perform other gainful activity.  Lounsbury v. Barnhart, 468 F.3d 1111, 1114 (9th Cir. 2006).  To support a finding that a claimant is not disabled at step five, the Commissioner must provide evidence demonstrating that other work exists in significant numbers in the national economy that the claimant can do, given his or her RFC, age, education, and work experience.  20 C.F.R. § 416.912(g).  If the Commissioner cannot meet this burden, then the claimant is disabled and entitled to benefits.  Id.

///

///

///

**THE ALJ DECISION**

In this case, the ALJ determined at step one of the sequential process that Plaintiff has not engaged in substantial gainful activity since February 23, 2017, the amended alleged onset date.  (AR 22.)

At step two, the ALJ determined that Plaintiff has the following medically determinable severe impairments: disorders of the spine, diabetes mellitus with neuropathy, and hypertension.  (AR 23-25.)

At step three, the ALJ determined that Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments.  (AR 25-27.)

The ALJ then found that Plaintiff has the RFC to perform medium work as defined in 20 CFR § 404.1567(c) with the following limitations:

Claimant can occasionally climb ramps, stairs, ladders, ropes, or scaffolds, can

frequently balance, stoop, and crouch, and can occasionally kneel and crawl.

(AR 27-29.)  In determining the above RFC, the ALJ made a determination that Plaintiff's subjective symptom allegations are "not entirely consistent" with the medical evidence and other evidence of record.  (AR 26.)

At step four, the ALJ found that Plaintiff is able to perform his past relevant work as a machinist.  (AR 29.)

Consequently, the ALJ found that Claimant is not disabled within the meaning of the Social Security Act.  (AR 30.)

**DISCUSSION**

The Court affirms the ALJ decision.  The ALJ properly considered the medical evidence. The ALJ properly discounted Plaintiff's subjective symptom allegations.  The ALJ's RFC is supported by substantial evidence.

///

///

///

**I.      THE ALJ PROPERLY CONSIDERED THE MEDICAL EVIDENCE**

Plaintiff contends that the ALJ failed to consider the findings of pain management physician Dr. Tara Sheridan regarding Plaintiff's lumbar spine impairment.  The Court disagrees.

**A.      Relevant Federal law**

The ALJ's RFC is not a medical determination but an administrative finding or legal decision reserved to the Commissioner based on consideration of all the relevant evidence, including medical evidence, lay witnesses, and subjective symptoms.  See SSR 96-5p; 20 C.F.R. § 1527(e).  In determining a claimant's RFC, an ALJ must consider all relevant evidence in the record, including medical records, lay evidence, and the effects of symptoms, including pain reasonably attributable to the medical condition.  Robbins, 466 F.3d at 883.

In evaluating medical opinions, the case law and regulations distinguish among the opinions of three types of physicians:  (1) those who treat the claimant (treating physicians); (2) those who examine but do not treat the claimant (examining physicians); and (3) those who neither examine nor treat the claimant (non-examining, or consulting, physicians).  See 20 C.F.R. §§ 404.1527, 416.927; see also Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1995).  In general, an ALJ must accord special weight to a treating physician's opinion because a treating physician "is employed to cure and has a greater opportunity to know and observe the patient as an individual."  Magallanes v. Bowen, 881 F.2d 747, 751 (9th Cir. 1989) (citation omitted).  If a treating source's opinion on the issues of the nature and severity of a claimant's impairments is well-supported by medically acceptable clinical and laboratory diagnostic techniques, and is not inconsistent with other substantial evidence in the case record, the ALJ must give it "controlling weight."  20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2).

Where a treating doctor's opinion is not contradicted by another doctor, it may be rejected only for "clear and convincing" reasons.  Lester, 81 F.3d at 830.  However, if the treating physician's opinion is contradicted by another doctor, such as an examining physician, the ALJ may reject the treating physician's opinion by providing specific, legitimate reasons, supported by substantial evidence in the record.  Lester, 81 F.3d at 830-31; see also Orn, 495

1  F.3d at 632; Thomas v. Barnhart, 278 F.3d 947, 957 (9th Cir. 2002).  Where a treating

2  physician's opinion is contradicted by an examining professional's opinion, the Commissioner

3  may resolve the conflict by relying on the examining physician's opinion if the examining

4  physician's opinion is supported by different, independent clinical findings.  See Andrews v.

5  Shalala, 53 F.3d 1035, 1041 (9th Cir. 1995); Orn, 495 F.3d at 632.  Similarly, to reject an

6  uncontradicted opinion of an examining physician, an ALJ must provide clear and convincing

7  reasons.  Bayliss v. Barnhart, 427 F.3d 1211, 1216 (9th Cir. 2005).  If an examining physician's

8  opinion is contradicted by another physician's opinion, an ALJ must provide specific and

9  legitimate reasons to reject it.  Id.  However, "[t]he opinion of a non-examining physician cannot

10  by itself constitute substantial evidence that justifies the rejection of the opinion of either an

11  examining physician or a treating physician"; such an opinion may serve as substantial

12  evidence only when it is consistent with and supported by other independent evidence in the

13  record.  Lester, 81 F.3d at 830-31; Morgan, 169 F.3d at 600.

14  **B.    Analysis**

15      Plaintiff alleges an inability to work due to symptoms and limitations from lumbar spinal

16  fusion surgery in October 2006.  (AR 255, 283-290.)  He returned to work until he was laid off in

17  February 2017.  (AR 26.)  The ALJ found that Plaintiff has the medically determinable severe

18  impairments of disorders of the spine, diabetes mellitus with neuropathy, and hypertension.

19  (AR 23.)  Notwithstanding these impairments, the ALJ assessed Plaintiff with a reduced range

20  medium work RFC (AR 27) and thus concluded that Plaintiff was not disabled from the

21  amended alleged onset date of February 23, 2017, through the date of decision on April 29,

22  2019.  (AR 30.)

23      The ALJ's medium work RFC for Plaintiff is supported by the opinions of consulting

24  independent internist Dr. Bryan To and State agency physician reviewers Dr. S. Amon and Dr.

25  C. Scott.  (AR 28.)  Dr. To, in a report dated April 17, 2017 (AR 351-357), found that Plaintiff

26  ambulates with a normal gait and that muscle tone and mass appeared normal.  (AR 28.)

27  There was no musculoskeletal swelling.  (AR 28.)  Dr. To found decreased lumbar range of

28  motion but palpation along the spine elicited no pain or evidence of spasm.  (AR 28.)  Straight

1  leg raising was normal, motor function normal, and motor strength 5/5.  (AR 28.)  Dr. To noted

2  that Plaintiff's back pain on examination did not elicit true findings of nerve root irritation.  (AR

3  28.)  He found Plaintiff did not need an assistive device to ambulate.  (AR 357, 27.)

4    Dr. To assessed Plaintiff with a reduced range medium work RFC.  Dr. To found Plaintiff

5  can only frequently bend, kneel, stop, crawl, and crouch, and only frequently walk on uneven

6  terrain, climb ladders, work with heights, and is restricted from working with heavy moving

7  machinery.  (AR 28.)  The State agency reviewing physicians also assessed Plaintiff with a

8  reduced range medium work RFC.  (AR 28.)  The ALJ, however, did not adopt Dr. To's

9  limitation from working with heavy moving machinery.  (AR 28.)  The ALJ found that Dr. To did

10  not explain the relation of that limitation to the examination findings and, because the Claimant

11  operates and owns a car and maintains a driver's license, there was no basis for the limitation.

12  (AR 28.)

13    The ALJ gave significant weight to the opinions of Dr. To, Dr. Amon, and Dr. Scott.  (AR

14  28.)  The ALJ found these opinions reasonable and mostly consistent with the record as a

15  whole, including treatment records noting "mostly conservative treatment" since the Plaintiff was

16  laid off work.  (AR 28.)  There are no contrary RFC assessments by other physicians.[2]

17    Nonetheless, Plaintiff asserts that the ALJ "ignored" substantial evidence pertaining to

18  Plaintiff's lumbar spine and lower extremity impairments and limitations.  (JS 5:10-12.)  More

19  specifically, Plaintiff asserts that the ALJ does not discuss the findings of pain management

20  physician Dr. Tara Sheridan from August 2017.  (JS 8:3-5.)  These assertions are inaccurate

21  and misleading.  The ALJ decision specifically records that in July 2017 Plaintiff was "seen by

22  pain management," which the treatment notes make clear is Dr. Sheridan.  (AR 26, 725.)  The

23  ALJ decision also records that Plaintiff received epidural injections and medial branch blocks

24  from Dr. Sheridan in August, November, and December 2017.  (AR 26, 672, 680, 692.)  The

25

26    [2] Plaintiff mentions the mental health evaluation of Stephanie Ellis, a social worker.  (AR 9, 16.)
 Ms. Ellis opined Mr. Burton had multiple marked mental functional limitations.  (AR 24-25.)  The

27  ALJ gave little weight to this opinion because it is without support from any objective or clinical
 findings, and relied heavily on Plaintiff's subjective reports.  (AR 25.)  Plaintiff does not address

28  the ALJ's reasons for rejecting Ms. Ellis' opinions.

1  ALJ decision further cites 8F112, which is Dr. Sheridan's August 31, 2017 report.  (AR 26, 685-

2  687.)  It cannot be said that the ALJ "ignored" or failed to consider Dr. Sheridan's treatment

3  records.  Dr. Sheridan, moreover, did not opine any functional limitations nor does Plaintiff

4  identify any limitations specified in Dr. Sheridan's treatment notes.  See Johnson v. Shalala, 60

5  F.3d 1428, 1432 (9th Cir. 1995) (an ALJ can reject a treating physician's opinion that a claimant

6  was disabled due to a physician's failure to specify functional limitations).

7          Plaintiff also takes issue with the ALJ's determination that most of Plaintiff's treatment

8  was conservative in nature after he stopped working.  (JS 10:4-6; 26, 28.)  Plaintiff contends

9  that narcotic pain medications and epidural and medial branch injections are not conservative

10  treatment.  (JS 10:6-8.)  The Court agrees that epidural injections are not conservative

11  treatment.  See Garrison v. Colvin, 759 F.3d 995, 1015 n.20 (9th Cir. 2014) ("[W]e doubt that

12  epidural steroid shots to the neck and lower back qualify as 'conservative' medical treatment.").

13  Arguably, however, overall treatment is conservative where there is only occasional use of such

14  injections.  Cuellar v. Saul, 2020 WL 1234187, at *5 (C.D. Cal. Mar. 13, 2020) (two close in time

15  injections do not alter fact that Plaintiff's overall treatment was conservative).  Here, the ALJ

16  noted three epidural injections but concluded that Plaintiff's treatment for his back was "mostly

17  conservative."  (AR 26, 28.)  As for narcotic medications, there is no Ninth Circuit decision

18  holding they are not conservative.  Some district court decisions say narcotic medications are

19  not conservative.  See, e.g., O'Connor v. Berryhill, 355 F. Supp. 3d 972, 985 (W.D. Wash.

20  2019).  The Court doubts that the Ninth Circuit will hold that non-invasive narcotic medications

21  administered orally by pill are not conservative.  The Court also observes that the Ninth Circuit

22  has held that impairments that can be controlled effectively with medication are not disabling.

23  Warre v. Comm'r of Soc. Sec., 439 F.3d 1001, 1006 (9th Cir. 2006).  Here, Plaintiff successfully

24  worked for years from 2007 to 2017 with narcotic management of his back pain.  (AR 26.)  He

25  also had done so after he was laid off.  In October 2017, Plaintiff denied numbness, tingling, or

26  weakness in bilateral lower extremities, and the cures database indicated a reduction in

27  Plaintiff's pain medication.  (AR 26, 862-864.)  In November 2017, treatment records indicated

28

pain is "stable and under control with current regimen" and Plaintiff is "able to function."  (AR 26, 737.)

Plaintiff disagrees with the ALJ's evaluation of the evidence, but it is the the ALJ's responsibility to resolve conflicts in the medical evidence and ambiguities in the record. Andrews, 53 F.3d at 1039.  Where the ALJ's interpretation of the record is reasonable, as it is here, it should not be second-guessed.  Rollins v. Massanari, 261 F.3d at 853, 857 (9th Cir. 2001); Thomas, 278 F.3d at 954 ("Where the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld.").

The ALJ properly considered the medical evidence and did not ignore any relevant evidence bearing on his lumbar spine impairment.

## II.     THE ALJ PROPERLY DISCOUNTED PLAINTIFF'S SUBJECTIVE SYMPTOM ALLEGATIONS

Plaintiff contends that the ALJ improperly discounted Plaintiff's subjective symptom allegations.  The Court disagrees.

### A.     Relevant Federal Law

The test for deciding whether to accept a claimant's subjective symptom testimony turns on whether the claimant produces medical evidence of an impairment that reasonably could be expected to produce the pain or other symptoms alleged.  Bunnell v. Sullivan, 947 F.2d 341, 346 (9th Cir. 1991); see also Reddick v. Chater, 157 F.3d 715, 722 (9th Cir. 1998); Smolen, 80 F.3d at 1281-82 esp. n.2.  The Commissioner may not discredit a claimant's testimony on the severity of symptoms merely because they are unsupported by objective medical evidence. Reddick, 157 F.3d at 722; Bunnell, 947 F.2d at 343, 345.  If the ALJ finds the claimant's pain testimony not credible, the ALJ "must specifically make findings which support this conclusion." Bunnell, 947 F.2d at 345.  The ALJ must set forth "findings sufficiently specific to permit the court to conclude that the ALJ did not arbitrarily discredit claimant's testimony."  Thomas, 278 F.3d at 958; see also Rollins, 261 F.3d at 857; Bunnell, 947 F.2d at 345-46.  Unless there is evidence of malingering, the ALJ can reject the claimant's testimony about the severity of a

1 claimant's symptoms only by offering "specific, clear and convincing reasons for doing so."

2 Smolen, 80 F.3d at 1283-84; see also Reddick, 157 F.3d at 722.  The ALJ must identify what

3 testimony is not credible and what evidence discredits the testimony.  Reddick, 157 F.3d at 722;

4 Smolen, 80 F.3d at 1284.

5 **B.    Analysis**

6 In determining Plaintiff's RFC, the ALJ concluded that Plaintiff's medically determinable

7 impairments reasonably could be expected to cause the alleged symptoms.  (AR 26.)  The ALJ,

8 however, also found that Plaintiff's statements regarding the intensity, persistence, and limiting

9 effects of these symptoms are "not entirely consistent" with the medical evidence and other

10 evidence of record.  (AR 26.)  Because the ALJ did not make a finding of malingering, he was

11 required to provide clear and convincing reasons supported by substantial evidence for

12 discounting Plaintiff's subjective symptom allegations.  Smolen, 80 F.3d at 1283-84;

13 Tommasetti v. Astrue, 533 F.3d 1035, 1039-40 (9th Cir.  2008).  The ALJ did so.

14 First, the ALJ found that Plaintiff's subjective symptom allegations are inconsistent with

15 the objective medical evidence.  (AR 26, 29.)  An ALJ is permitted to consider whether there is

16 a lack of medical evidence to corroborate a claimant's alleged symptoms so long as it is not the

17 only reason for discounting a claimant's subjective symptom allegations.  Burch v. Barnhart,

18 400 F.3d 676, 680-81 (9th Cir. 2005).  Here, Dr. To, Dr. Amon, and Dr. Scott all assessed

19 Plaintiff with medium work RFCs.  No contrary RFC was opined by any other physician.

20 Second, the ALJ found that the medical evidence of record includes "mostly conservative

21 treatment" after Plaintiff was laid off work.  (AR 26.)  An ALJ may consider conservative

22 treatment in evaluating subjective symptom allegations.  Tommasetti, 533 F.3d at 1039.  Here,

23 treatment consisted of medication, physical therapy, and pool therapy.  (AR 26, 28.)

24 Impairments that are controlled with medication are not disabling.  Warre, 439 F.3d at 1006.

25 The epidural injections received by Plaintiff are invasive, but the ALJ did not consider them to

26 be frequent enough to alter the finding that Plaintiff's overall treatment was "mostly

27 conservative."

28

1    Third, the ALJ found that Plaintiff's testimony included inconsistencies.  (AR 29.)  An ALJ

2    may consider inconsistencies between a claimant's statements and other statements and

3    conduct in evaluating subjective symptoms.  Light v. Social Sec. Admin., 119 F.3d 789, 792 (9th

4    Cir. 1997); Thomas, 278 F.3d at 958-59.  Plaintiff testified he resigned from his machinist job,

5    but when confronted with records that he was laid off his job he conceded he was laid off.  (AR

6    29.)  He also denied looking for work after he was laid off, but then admitted he looked for work

7    while receiving unemployment (AR 29), which required him to certify he was able and willing to

8    work.  This is a valid reason for discounting subjective symptom allegations.  Copeland v.

9    Bowen, 861 F.2d 536, 542 (9th Cir. 1988).  The ALJ stated, "He worked until he was laid off and

10   I see no credible evidence that his condition materially worsened."  (AR 29.)  Plaintiff's physical

11   claims go back many years prior to the alleged onset date and he earned well over substantial

12   gainful activity until the amended onset date.  (AR 29.)  He testified he has had psychological

13   issues since childhood but successfully worked for 37 years.  (AR 29.)

14   Plaintiff does not agree with the ALJ's evaluation of the evidence, but again it is the

15   ALJ's  responsibility to resolve conflicts in the medical evidence and ambiguities in the record.

16   Andrews, 53 F.3d at 1039.  Where the ALJ's interpretation of the record is reasonable, as it is

17   here, it should not be second-guessed.  Rollins, 261 F.3d at 857.

18   The ALJ discounted Plaintiff's subjective symptom allegations for clear and convincing

19   reasons supported by substantial evidence.

20                                                    * * *

21   The ALJ's RFC is supported by substantial evidence.

22                                                    * * *

23   The ALJ's nondisability determination is supported by substantial evidence and free of

24   legal error.

25   ///

26   ///

27   ///

28   ///

**ORDER**

IT IS HEREBY ORDERED that Judgment be entered affirming the decision of the Commissioner of Social Security and dismissing this case with prejudice.

DATED:  <u>December 30, 2020</u>                     <u>          */s/ John E. McDermott*          </u>
JOHN E. MCDERMOTT
UNITED STATES MAGISTRATE JUDGE